UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SONIA MENENDEZ-CUESTA,**

    **Plaintiff,**

v.   Case No. 8:01-cv-1717-T-TBM

**JO ANNE B. BARNHART,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on Plaintiff's **Petition for Attorney's Fees Under 42 U.S.C. §406(b)** (Doc. 21) and **Motion to Reopen and Permit Application for Attorney's Fees** (Doc. 21 at 7). The Commissioner does not object to the motion to reopen or the petition for fees. See id. Upon review of the pleadings, it is ordered that the motions are granted, the case is reopened, and the Plaintiff is awarded a net fee of $1,196.60. This amount is to be paid by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 406(b).

I.

Previously, this court entered judgment reversing the decision of the Commissioner and remanding the case for further proceedings. See (Doc. 17). The court awarded Plaintiff attorney's fees in the amount of $2,663.40 and costs in the amount of $191.91 under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). See (Doc. 20). After successfully litigating the

matter on remand, Plaintiff seeks to reopen the case to permit filing of a petition for fees under 42 U.S.C. § 406(b). The total fee sought is $3,860.00, which counsel suggests is in line with her usual hourly rate of $200.00 per hour in contingency cases. After deducting the original award of $2,663.40,[1] Plaintiff seeks the net sum of $1,196.60.

II.

Where the court has rendered a judgment favorable to a disability claimant, 42 U.S.C. § 406(b) permits the court to award a reasonable fee for services of counsel before the court in an amount that may not exceed 25% of the total of the past-due benefits. 42 U.S.C. § 406(b); see also Gisbrecht v. Barnhart, 535 U.S. 789, 795-96 (2002). By this provision, "Congress thus sought to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht, 535 U.S. at 805. The provisions of section 406(b) do not displace contingent fee agreements; however, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807.

Here, counsel undertook to represent the claimant on a contingency fee basis. The fees requested for work performed before this court and the Administration are consistent with but less than the contingency fee agreement between Plaintiff and counsel and are less than 25% of past-benefits. Counsel's work in this matter produced very positive results for the Plaintiff, without unnecessary delay. Counsel's usual hourly rate of $200.00 per hour for

---

[1] The original award of fees under EAJA was for 19.3 hours of work paid at the hourly rate of $138.00. See (Doc. 20).

contingency cases is reasonable in light of her experience and expertise in matters of this sort and the risks inherent in such an undertaking. The total fee requested also appears in line with the amount of work performed and the size of Plaintiff's award of past-due benefits. For these reasons, I find the fee request of $3,860.00 to be reasonable.

Accordingly, it is **ORDERED** that **Plaintiff's Motion to Reopen and Permit Application for Attorney's Fees** (Doc. 21 at 7) and **Petition for Attorney's Fees Under 42 U.S.C. §406(b)** (Doc. 21) are **GRANTED**. Plaintiff's counsel is awarded attorney's fees in the net amount of $1,196.60 to be paid by the Commissioner pursuant to 42 U.S.C. § 406(b). The Clerk is directed to close the case.

**Done and Ordered** in Tampa, Florida, this 13th day of October 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record